IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

THE GUARANTEE COMPANY   §
OF NORTH AMERICA USA   §
  §
   Plaintiff,   §
  §
v.   §    Civil Action No._____
  §
  §
THYSSEN-LAUGHLIN, INC., and   §
LAUGHLIN-THYSSEN, INC., and   §
Marion J. Carter, individually, and   §
Jane Ellen M. Carter, individually   §
  §
   Defendants.   §

## PLAINTIFF'S ORIGINAL COMPLAINT

   Plaintiff, The Guarantee Company of North America USA (the "Surety"), files this Original Complaint complaining of Thyssen-Laughlin, Inc., Laughlin-Thyssen, Inc., Marion J. Carter, individually, and Jane Ellen M. Carter, individually (collectively, "Defendants") and in support thereof respectfully states as follows:

### I.
### PARTIES

   1.   The Guarantee Company of North America USA is a Michigan corporation that is authorized to do business in the State of Texas.

   2.   Defendant Thyssen-Laughlin, Inc., is a Texas for-profit corporation with its principal place of business located in Harris County, Texas and may be served with process by serving its Registered Agent for service, Marion J. Carter at 11905 Lake Stone Dr. Austin, TX 78738.

3.      Defendant Laughlin-Thyssen, Inc., is a Texas for-profit corporation with its principal place of business located in Harris County, Texas and may be served with process by serving its Registered Agent for service, Marion J. Carter at 11905 Lake Stone Dr. Austin, TX 78738.

4.      Defendant Marion J. Carter is a Texas citizen and was at all relevant times an individual citizen and resident of the State of Texas and may be served with process at 11905 Lake Stone Dr. Austin, TX 78738, or wherever she may be found.

5.      Defendant Jane Ellen M. Carter is a Texas citizen and was at all relevant times an individual citizen and resident of the State of Texas and may be served with process at 11905 Lake Stone Dr. Austin, TX 78738, or wherever she may be found.

## II.
## STATEMENT OF JURISDICTION

6.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.
## VENUE

7.      Venue is proper in this district under 28 U.S.C § 1391 in that (a) Defendants reside in this district in the State of Texas, (b) a substantial part of the events or omissions giving rise to the Surety's claim occurred in this district, and (c) Defendants are subject to personal jurisdiction in this district at the commencement of this action and there is no district in which the action may otherwise be brought.

# IV.
# FACTUAL BACKGROUND

8.    The Surety issued construction surety bonds on behalf of and/or at the request of

Thyssen-Laughlin, Inc. for the following obligees on the following projects in the State of Texas:

| Obligee | Project | Bond No. | Penal Sum |
|---|---|---|---|
| San Antonio Water System Board of Trustees and Meritage Homes of Texas, LLC | Westpointe West Offsite Sewer Extension – Phase I 18-1658 | 70168552 | $2,180,362.57 |
| San Antonio Water System Board of Trustees | Job No. 16-4011 Contract No. CO-00228-01; N. Mel Waiters Way 24-Inch Water Main Replacement | 70168550 | $2,235,365.95 |
| Port of Houston Authority, of the State of Texas | Replace Water and Sewer Line at Woodhouse | 70168539 | $1,381,905.49 |

9.    To induce the Surety to issue the Bonds, Thyssen-Laughlin, Inc., Laughlin-

Thyssen, Inc., Marion J. Carter, individually, and Jane Ellen M. Carter, individually, executed a

*General Agreement of Indemnity* (the "Indemnity Agreement") dated August 8, 2018 in favor of

the Surety for any and all loss or expenses the Surety incurred in connection with issuing the

Bonds. A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit "A" and

is fully incorporated by reference.

10.    The Indemnity Agreement provides, in pertinent part, the following:

Indemnitors agree to pay to Surety upon demand:

1.    All loss, costs and expenses of whatsoever kind and nature, including court costs, attorney fees (whether Surety at its sole option elects to employ its own attorney, or permits or requires Indemnitors to make arrangements for Surety's legal representation), in-house

fees, consultant fees, investigative costs and any other losses, costs
or expenses incurred by Surety by reason of:

    a.  Surety executed, provided or procured any Bond;

    b.  any Default under this Agreement by any of the Indemnitors;

    c.  Surety enforcing any of the covenants or conditions of this
Agreement;

    d.  Surety conducting any investigation, obtaining or attempting to
obtain a release, or recovering or attempting to recover loss or
unpaid premium in connection with any Bonds; and/or

    e.  Surety prosecuting or defending any action or claim in
connection with any Bonds executed provided or procured on
behalf of Principal or Indemnitors, whether Surety at its sole
option elects to employ its own counsel, or permits or requires
Indemnitors to make arrangements for Surety's legal
representation. In addition the Indemnitors agree to pay Surety
interest on all disbursements made by Surety in connection with
such loss, costs and expenses incurred by Surety at the
maximum rate permitted by law calculated from the date of each
disbursement;

    2.  Any amount sufficient to discharge any claim made against Surety
on any Bond, whether Surety will have any payment or established
any reserve therefor. Such payment shall be equal to the larger of (a)
the amount of any reserve set by the Surety, or (b) such amount as
the Surety, in its sole judgment, shall deem is sufficient to protect it
from loss. This sum may be used by Surety to pay such claim or be
held by Surety as collateral security against any loss on any Bond.
Surety shall have no obligation to invest or provide a return on the
funds deposited. The Indemnitors acknowledge that their failure to
pay, immediately on demand, that sum demanded by Surety will
cause irreparable harm for which Surety has no adequate remedy at
law. The Indemnitors confirm and acknowledge that Surety is
entitled to injunctive relief for specific performance of the foregoing
provision.

    3.  Any original, additional or renewal premium due for any Bond.

11.    On December 10, 2019, the Surety, exercising its rights under the Indemnity

Agreement, requested Defendants to reimburse the Surety for losses incurred and pending claims

under the Bonds in the amount of $650,000. The time specified in the December 10, 2019 request

expired without the Surety receiving any reimbursement from Defendants. From December 10,

2019, through the date of this Complaint, the Surety has made additional requests on Defendants to reimburse the Surety for its losses and protect it from future losses. The Defendants have failed and refused either to reimburse the loss incurred by the Surety to date under the Bonds or post collateral security necessary to protect the Surety from future loss under the Bonds.

12.     All conditions precedent to recovery by the Surety from Defendants have occurred or have been performed.

## V.
## CAUSES OF ACTION

### *Count One—Breach of Indemnity Agreement*

13.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 12.

14.     Thyssen-Laughlin has failed, delayed, refused, or is unable to pay bills or other indebtedness incurred in connection with the Projects for which the Bonds were issued.

15.     Despite demand, Defendants have failed and/or refused to pay the Surety an amount sufficient to reimburse the Surety for losses it incurred under the Bonds.

16.     Under the Indemnity Agreement, Defendants are jointly and severally liable to the Surety for all of the Surety's loss and expense, including attorney's fees and interest, in connection with claims on the Bonds.

### *Count Two—Common Law Indemnity*

17.     The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 12.

18.     The Surety has been called upon as a surety for Thyssen-Laughlin to pay for Thyssen-Laughlin's alleged defaults under the Bonds.

19.    Thyssen-Laughlin benefitted from the Surety's posting of the Bonds, as Thyssen-Laughlin could not have performed the contracts for which the Bonds were issued without the Bonds.

20.    Under the theories of common law indemnity, unjust enrichment, and restitution, the Surety is entitled to payment by Defendants for all of the Surety's loss and expense resulting from issuance of the Bonds.

### Count Three—Exoneration

21.    The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 12.

22.    Defendants are jointly and severally liable to the Surety under the Indemnity Agreement for all amounts necessary to exonerate the Surety from liability asserted against it.

### Count Four—Recovery of Attorneys' Fees and Expenses

23.    The Surety incorporates herein by reference, as if fully set forth, the allegations contained in paragraphs 1 through 12.

24.    The Surety is entitled to recover its attorneys' fees and expenses from Defendants under the Indemnity Agreement and, or alternatively, under § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

## VI.
## REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff The Guarantee Company of North America USA, respectfully requests that Defendants Thyssen-Laughlin, Inc., Laughlin-Thyssen, Inc., Marion J. Carter, individually, and Jane Ellen M. Carter, individually, be cited to appear and answer herein and, upon final trial thereof, that the Surety receive:

1.    Judgment against Defendants, jointly and severally, in the amount of damages incurred by the Surety;

2.    Judgment against Defendants, jointly and severally, for amounts necessary to exonerate the Surety from all liability asserted against it;

3.    Attorneys' fees and expenses;

4.    Pre-judgment and post-judgment interest at the maximum rate permissible at law or in equity;

5.    Costs of court; and

6.    Such other and further relief to which the Surety may be justly entitled.

Respectfully submitted,

**WEINSTEIN RADCLIFF PIPKIN LLP**

By: /s/ Gregory M. Weinstein
      Gregory M. Weinstein
      State Bar No. 21096430
      Jennifer C. Ohn
      State Bar No. 24100350
      8350 N. Central Expressway, Suite 1550
      Dallas, Texas 75206
      (214) 865-6126
      (214) 865-6140 (Facsimile)
      gweinstein@weinrad.com
      jennifer@weinrad.com

**ATTORNEYS FOR PLAINTIFF THE GUARANTEE COMPANY OF NORTH AMERICA USA**